IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARNEST C. WOODS, II, | ) | No. C 11-4730 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| ROBERT AYERS, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Court now reviews the complaint and dismisses with leave to amend.

## DISCUSSION

I. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

1  of the claim showing that the pleader is entitled to relief." "Specific facts are not
2  necessary; the statement need only '"give the defendant fair notice of what the . . . . claim
3  is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200
4  (2007) (citations omitted). Although in order to state a claim a complaint "does not need
5  detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
6  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
7  recitation of the elements of a cause of action will not do. . . .   Factual allegations must
8  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*
9  *Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer
10 "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se
11 pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
12 699 (9th Cir. 1990).

13       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
14 (1) that a right secured by the Constitution or laws of the United States was violated, and
15 (2) that the alleged violation was committed by a person acting under the color of state
16 law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

17 II.  <u>Legal Claims</u>

18       Plaintiff sets forth two claims for relief.  (*See* Complaint at 9.)  His first claims is
19 that prison officials violated his First Amendment rights by retaliating against him for
20 exercising his right to file inmate grievances.  (*Id.*)  His second claim is that prison
21 officials have violated his Eighth Amendment rights by being deliberately indifferent to
22 his medical needs.  (*Id.* at 9-10.)

23       The complaint contains a number of deficiencies that must be cured by
24 amendment.  First, Plaintiff has not indicated where any of the Defendants are located.
25 Because he is proceeding *in forma pauperis*, he is relying on the United States Marshal
26 to serve the complaint upon Defendants.  The Marshal cannot do so unless Plaintiff
27 provides the correct current location of all Defendants he wishes to sue.  Plaintiff must
28 do so in his amended complaint.

1  It is also unclear which Defendants Plaintiff wants to sue for retaliation, and
2 which specific acts were allegedly retaliatory. In his first "claim for relief," he names
3 only that Defendant Robert Ayers, the Warden, whom he alleges retaliated against him
4 by implementing an unconstitutional policy. (Complaint at 9.) In the factual background
5 section of the complaint, however, he alleges that a number of Defendants were placed
6 him administrative segregation and disciplined him to retaliate against him for filing
7 grievances. Plaintiff also alleges that officials once only gave him 10 minutes to eat, and
8 delayed delivery of books he ordered; although it is not clear if these latter actions are
9 claimed to be retaliatory. As Plaintiff does not name any Defendants in his retaliation
10 claim other than Ayers, it is not clear which Defendants he means to bring a retaliation
11 claim against. It is also not clear whether Plaintiff is claiming only that the allegedly
12 false disciplinary findings and administrative segregation placement were retaliatory, or
13 that there were other retaliatory acts as well. In order to proceed, Plaintiff must amend
14 his complaint to clearly name for each claim for relief which Defendants he wants to sue
15 on that particular claim. He must also clearly state in his amended complaint what
16 action(s) he is alleging were retaliatory.

17  It is also unclear which Defendants Plaintiff is suing on his second claim, for
18 improper medical care. In his "claim for relief," he states that "Defendants" interfered
19 with his medical needs by transferring him to the Secured Housing Unit ("SHU").
20 (Complaint at 9.) In the factual background, Plaintiff alleges that he was receiving
21 medical care when he was transferred to the SHU at Corcoran. He alleges that
22 Defendants Teresa Schwartz, Eric Arnold and Vern Curry signed a memorandum that led
23 to the transfer. However, it is unclear whether these are the only three Defendants he
24 wishes to sue on his medical claim because the "claim for relief" does not identify the
25 Defendants he claims are liable. Plaintiff must amend complaint to clearly identify
26 which Defendants he claims are liable on his second claim.

27  In identifying which Defendants he wants to sue on which claims, Plaintiff must
28 keep in mind that liability may be imposed on an individual defendant under 42 U.S.C. §

1983 if Plaintiff can show that the defendant proximately caused the deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Thus, he must only name as Defendants individuals against that were "personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** that cures all of the deficiencies discussed above. The amendment must include the caption and civil case number used in this order and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" and the case number for this case (No. C 11-4730 JSW (PR)) on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 21, 2011

_____
JEFFREY S. WHITE
United States District Judge

|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| EARNEST CASSELL WOODS II, | Case Number: CV11-04730 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBERT AYERS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest C. Woods D 58091
P.O. Box 689
Soledad, CA 95696

Dated: December 21, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk