IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARNEST C. WOODS, II, | ) | No. C 11-4730 JSW (PR) |
| Plaintiff, | ) | **ORDER OF SERVICE** |
| v. | ) | |
| ROBERT AYERS, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A and orders it served upon Defendants.

## DISCUSSION

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not

1    necessary; the statement need only "'give the defendant fair notice of what the . . . . claim
2    is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200
3    (2007) (citations omitted).  Although in order to state a claim a complaint "does not need
4    detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
5    'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
6    recitation of the elements of a cause of action will not do. . . .  Factual allegations must
7    be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.
8    Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer
9    "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se
10   pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
11   699 (9th Cir. 1990).

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
13   (1) that a right secured by the Constitution or laws of the United States was violated, and
14   (2) that the alleged violation was committed by a person acting under the color of state
15   law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   II.    <u>Legal Claims</u>

17       Plaintiff sets forth three claims for relief: (1) retaliation; (2) deliberate
18   indifference to his medical care; and (3) discipline and segregation without due process.

19       His first claim is against Defendant Ayers, the Warden at San Quentin State
20   Prison.  He claims that Ayers implemented an unconstitutional policy of retaliation.  In
21   his amended complaint, he alleges that Defendant Tomas retaliated against him for filing
22   grievances by placing him in administrative segregation and issuing false disciplinary
23   reports against him.  He also alleges that Defendant Burkhart retaliated against him by
24   refusing to issue a kosher meal, and then only allowing Plaintiff ten minutes to eat it.
25   When liberally construed, these allegations state a cognizable claim for relief.

26       He also claims that Defendants Ayers, Cahala, Frates, Puu, Lee, Schwartz, Arnold
27   and Curry were deliberately indifferent to his medical needs by causing him to be
28   transferred to segregated housing knowing that would cause him to not receive the

surgery he needed. He also claims that Defendants Ayers, Cahala, Frates, Lee and Puu were involved in finding him guilty of violating prison rules in violation of his right to due process. In the amended complaint, he alleges that Defendants did not provide him with adequate procedural protections and that the finding was false. When liberally construed, these claims are also cognizable.

The other Defendants are not included as Defendants on any of Plaintiff's three claims, and consequently the amended complaint will be dismissed as to them.

## CONCLUSION

1. For the foregoing reasons, the Plaintiff's claims against Defendants Ayers, Cahala, Frates, Puu, Lee, Schwartz, Arnold and Curry are cognizable. The claims against the other Defendants are DISMISSED.

2.	The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and all attachments thereto, and a copy of this order upon Defendants: **Director Robert Ayers, Captain Cahayla, Lieutenant Frates, Sergeant Puu, Lieutenant Lee, Teresa Schwartz, Eric Arnold and Captain Vern Curry** at **San Quentin State Prison**.[1]

<u>The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.</u>

The Clerk shall also serve a copy of this order on Plaintiff.

3.	Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

4.	In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety (90) days** from the date this order is filed,

---

[1] Plaintiff was instructed to provide the location for the named Defendants in the amended complaint. Other than Ayers, he did not do so. The Court assumes that they are located at San Quentin because that appears from Plaintiff's allegations to be where he was located at the time of the events alleged in the amended complaint. If they are located elsewhere, and Plaintiff does not provide the Court with their correct location, the claims against them will be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

1  Defendants shall either file a motion for summary judgment or other dispositive motion,
2  or a notice to the Court that they are of the opinion that this matter cannot be resolved by
3  dispositive motion.  The motion shall be supported by adequate factual documentation
4  and shall conform in all respects to Federal Rule of Civil Procedure 56.
5  **Defendants are advised that summary judgment cannot be granted, nor**
6  **qualified immunity found, if material facts are in dispute.  If defendants are of the**
7  **opinion that this case cannot be resolved by summary judgment, they shall so**
8  **inform the Court prior to the date the summary judgment motion is due**.
9  All papers filed with the Court shall be promptly served on the Plaintiff.
10       b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with
11  the court and served upon defendants no later than thirty days from the date of service of
12  the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"
13  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.
14  1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).
15  If defendants file an unenumerated motion to dismiss claiming that plaintiff failed
16  to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
17  plaintiff should take note of the attached page headed "NOTICE -- WARNING
18  (EXHAUSTION)."  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)
19       c.  Defendants shall file a reply brief no later than **fifteen (15) days** after
20  Plaintiff's opposition is filed.
21       d.  The motion shall be deemed submitted as of the date the reply brief is
22  due.  No hearing will be held on the motion unless the Court so orders at a later date.
23       5.  Discovery may be taken in accordance with the Federal Rules of Civil
24  Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or
25  Local Rule 16 is required before the parties may conduct discovery.
26       6.  Extensions of time are not favored, though reasonable extensions will be
27  granted.  Any motion for an extension of time must be filed no later than **five** days prior
28  to the deadline sought to be extended.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. The motions for leave to file a reconsideration motion, for reconsideration, for class certification and for appointment of counsel (docket numbers 20, 21, 24) are DENIED.

IT IS SO ORDERED.

DATED: May 11, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS II,

        Plaintiff,

  v.

ROBERT AYERS et al,

        Defendant.

Case Number: CV11-04730 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest C. Woods D 58091
San Quentin Prison
San Quentin, CA 94974

Dated: May 11, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.