IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARNEST C. WOODS, II, | ) | No. C 11-4730 JSW (PR) |
| Plaintiff, | ) ) | **ORDER DENYING MOTION TO DISMISS AND REVOKE IN FORMA PAUPERIS; GRANTING REQUEST FOR JUDICIAL NOTICE; SCHEDULING MOTIONS** |
| v. | ) ) | |
| ROBERT AYERS, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | (Docket Nos. 27, 28) |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed a motion to revoke Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g) and to dismiss. Plaintiff has opposed the motion, and Defendants have filed a reply brief. For the reasons discussed below, the motion is DENIED. Defendants' request for judicial notice of court records from Plaintiff's prior cases is GRANTED.

**DISCUSSION**

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  For purposes of Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Defendants bear the burden of establishing that Plaintiff has three or more qualifying dismissals under Section 1915(g) (or "strikes"), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals.  *Id.* at 1120.

It noted at the outset that the Ninth Circuit has determined in a different case that Plaintiff should not be denied in forma pauperis under Section 1915(g).  *See Woods v. Curry*, No. 11-15101 (9th Cir. May 25, 2012).  That determination is not necessarily dispositive here, as Plaintiff could theoretically have strikes of which the district and appellate courts were not aware in that case.

Defendants have submitted copies of dismissal orders and docket sheets showing that two cases brought by Plaintiff in district court were dismissed for failure to state a claim upon which relief may be granted: (1) *Woods v. Carey*, No. C 05-0049 MCE-DAD (E.D. Cal. Jan. 26, 2009); and (2) *Woods v. Carey*, No. C 05-1157 MJJ (N.D. Cal. May 31, 2005).[1]  (Defs. Exhs. A-D.)  In both cases, the Ninth Circuit affirmed the district court's decision on appeal.  (*Id.*)  The district court's dismissals of these cases clearly count as "strikes" under Section 1915(g) insofar as they were based upon Plaintiff's failure to state a cognizable claim for relief.  *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1121.

---

[1] Defendants request judicial notice of documents filed in Plaintiff's prior cases.  Judicial notice of court documents is allowed, and therefore Defendants' request is GRANTED.

| | |
|---|---|
| 1 | The third case Defendants argue counts as a "strike" is a dismissal of an appeal |
| 2 | brought by Plaintiff and a large group of other appellants: *Cooper v. California*, No. 06- |
| 3 | 17166 (9th Cir. Feb. 22, 2007).  (Defs. Exhs. F, G.)  That appeal was dismissed for |
| 4 | failure to prosecute after appellants were denied leave to proceed in forma pauperis and |
| 5 | did not timely pay the filing fee.  (*Id.*)  Not all dismissals of appeals constitute strikes |
| 6 | qualify as strikes.  *Andrews*, 398 F.3d at 1121.  Dismissals for failure to prosecute or for |
| 7 | lack of jurisdiction, for example, do not fall within the plain language of Section |
| 8 | 1915(g), and as such they may not be counted as strikes without first determining that the |
| 9 | substantive merits of the appeal were frivolous, malicious of failed to state a claim.  *Id.*; |
| 10 | *see Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011); *Butler v.* |
| 11 | *Dep't of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007).  The district court must carefully |
| 12 | evaluate the dismissal order and other relevant information to determine whether the |
| 13 | dismissal constitutes a strike.  *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, |
| 14 | 895 (9th Cir.2011); *Andrews*, 398 F.3d at 1121.  In making the determination whether a |
| 15 | dismissal counts as a strike, it is the substance of the dismissal which is determinative, |
| 16 | not the styling of the dismissal. *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). |
| 17 | Defendants argue that the denial of leave to proceed in forma pauperis |
| 18 | conclusively establishes that the appeal was frivolous.  The Ninth Circuit has not ruled |
| 19 | on whether its denial of leave to proceed in forma pauperis establishes that the appeal is |
| 20 | frivolous within the meaning of Section 1915(g), or that the subsequent dismissal of such |
| 21 | an appeal for failure to prosecute constitutes a strike.  Defendants cite unpublished |
| 22 | district court decisions that have so ruled, but in those dismissals (which are not binding |
| 23 | here in any event) the district court had previously determined the appeal was frivolous |
| 24 | under 28 U.S.C. § 1915(a)(3).  *See, e.g.*, *Thomas v. Yates,* 2012 WL 2520924 at *4 (E.D. |
| 25 | Cal. June 27, 2012).  Defendants have not shown that any such ruling was made prior to |
| 26 | the appeal in *Cooper v. California*; indeed, it appears from the docket sheet that the |
| 27 | district court never found the appeal to be frivolous under Section 1915(a)(3). |
| 28 | Because the dismissal was for failure to prosecute, the Court must determine from |

1  additional records whether the underlying substantive basis of the appeal was frivolous.
2  Defendants have not supplied sufficient information to make that determination.  They
3  have not submitted copies of the notice of appeal or the order being appealed, for
4  example.  It is therefore unknown what the basis for the appeal was, or indeed whether
5  the appeal was even filed by Plaintiff as opposed to the many other inmate-appellants.
6  Without more information about the underlying basis for the appeal or the order being
7  appealed, the Court cannot determine that it counts as a strike against Plaintiff under
8  Section 1915(g).
9       In sum, Defendants have not shown that Plaintiff has had three or more prior
10 cases or appeals dismissed for one of the reasons described in Section 1915(g).
11 Consequently, their motion to revoke Plaintiff's leave to proceed in forma pauperis and
12 for dismissal is denied.

### CONCLUSION

14      For the foregoing reasons, Defendants' request for judicial notice is GRANTED
15 and Defendants' motion to dismiss and to revoke in forma pauperis is DENIED.
16      In order to expedite the resolution of this case, the Court orders as follows:
17      1. No later than **91 days** from the date this order is filed, Defendants shall
18 either file a motion for summary judgment or other dispositive motion, or a notice to the
19 Court that they are of the opinion that this matter cannot be resolved by dispositive
20 motion.  The motion shall be supported by adequate factual documentation and shall
21 conform in all respects to Federal Rule of Civil Procedure 56.
22 **Defendants are advised that summary judgment cannot be granted, nor**
23 **qualified immunity found, if material facts are in dispute.  In addition, summary**
24 **judgment or a motion to dismiss on exhaustion grounds will be denied if Defendants**
25 **do not file proof that they served the applicable warning(s) described below upon**
26 **plaintiff at the same time they served him with their motion.**
27      All papers filed with the Court shall be promptly served on the Plaintiff.
28      2. Plaintiff's opposition to the dispositive motion, if any, shall be filed with

the court and served upon defendants no later than **28** days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

3. Defendants shall file a reply brief no later than **14 days** after Plaintiff's opposition is filed.

4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

IT IS SO ORDERED.

DATED: February 7, 2013

JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings.  You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed, there will be no trial and the case will end.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS II,

    Plaintiff,

v.

ROBERT AYERS et al,

    Defendant.

Case Number: CV11-04730 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest C. Woods D 58091
San Quentin Prison
San Quentin, CA 94974

Dated: February 7, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk